Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

**FILED**
DISTRICT COURT OF GUAM
OCT 18 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT DUH WAN KIM'S MOTION TO COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |
| DUH WAN KIM, | |
| Defendants. | |

## MOTION FOR DISCOVERY

Defendant DUH WAN KIM ("KIM"), by and through his court-appointed counsel, Louie J. Yanza, and hereby moves the Court for an Order to compel the Government to provide material evidence prior to the time set for trial, in order to provide Defendant KIM with an opportunity to investigate and prepare for his defense.

This motion is based on the accompanying Memorandum of Points and Authorities submitted herewith, the record of the proceedings and papers on file herein.

/ /

-1-

ORIGINAL

DEFENDANT DUH WAN KIM'S MOTION TO COMPEL DISCOVERY;
MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE
United States of America v. Duh Wan Kim
U.S. District Court of Guam, Criminal Case No. 06-00036

Respectfully submitted this 17th day of October, 2006.

        MAHER • YANZA • FLYNN • TIMBLIN, LLP
        Attorneys for Defendant
        **DUH WAN KIM**

By: _____
      LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.   DISCOVERY PROVIDED

To date, the only discovery provided to the Defendant is the Drug Enforcement Agency's ("DEA") reports concerning the arrest of the Defendant and reports memorializing the search of Room 606 of Pia Marine Resort. It is alleged that two drug couriers were arrested at the Inchion International Airport and in their possession was 500 grams of methamphetamine, which was to be delivered to Guam. The laboratory chemical test results have not been released to the Defendant, which contains the gross and net weight of the alleged methamphetamine, including the purity of the methamphetamine.

### B.   INFORMATION REQUESTED

Defendant KIM requests the Government to provide him with the following information:

1. The names and identities of the confidential informant noted in the TFO Marvin Desamito's affidavit used in support of the Drug Enforcement Agency's ("DEA") petition for the search warrant executed on August 24, 2006;

2. The names and identities of any cooperating witnesses (including the two unnamed drug couriers from South Korea), including any who have pleaded guilty to charges pursuant to plea agreements in which they are to provide cooperation and possible testimony;

3. The laboratory test results of the alleged approximate 500 grams of methamphetamine seized at the Incheon International Airport, including but not limited to the weight and the purity of the methamphetamine;

4. Copies of any written plea agreements, immunity agreements, or any oral promises of immunities or benefits provided to government witnesses by any government entity, including the Government of Guam;

5. The criminal conviction record of any Government witnesses and the terms of their parole and parole conditions; and,

6. Any other evidence which is favorable to Defendant KIM or which is material either to the guilt or punishment including any of the evidence noted in any of the categories below.

C. **LAW**

The prosecutor has the duty to disclose, at least upon request, all evidence favorable to the Defendant which is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963).

Categories of evidence generally considered to be Brady material are:

1. The arrest and conviction record of each prospective government witness, United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988).

2. The existence of witnesses favorable to the defense, United States v. Wilkins, 326 F.2d 135 (2d. Cir. 1964).

3. Witness statements favorable to the defendant, Jackson v. Wainwright, 390 F2d. 288 (5th Cir. 1968)

4. Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, Thomas v. United States, 343 F2d. 49 (9th Cir. 1965).

5. Promises of immunity to government witnesses, Giglio v. United States, 405 U.S. 150 (1972).

6. Prior contrary statements of a prosecution witness, Giles v. Maryland, 386 U.S. 66 (1967).

The general rule is that Brady material must be provided in time for effective use at trial. United States v. Higgs, 713 F.2d 39 (3rd Cir. 1983). While the court can not compel the government to disclose information it is statutorily required to do so, nevertheless, such early disclosure should be encouraged. United States v. Spagnuolo, 515 F.2d 818 (9th Cir. 1975).

Knowledge or possession of exculpatory evidence is imputed to the prosecutor as the acting agent of "the government." This "possession" includes documents or information which are in the control of government agencies outside the normal jurisdiction if "the prosecutor has knowledge of and access to [it]." United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

-4-

## CONCLUSION

For the above-enumerated reasons, Defendant KIM respectfully requests the Court to compel the United States to provide the requested discovery or, in the alternative, to dismiss the Indictment.

Respectfully submitted this 17th day of October, 2006.

        **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
        Attorneys for Defendant
        **DUH WAN KIM**

By: _____
      LOUIE J. YANZA

## CERTIFICATE OF SERVICE

I, Terence E. Timblin, hereby certify that on or before October 18, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant Duh Wan Kim's Motion to Compel Discovery; Memorandum of Points and Authorities; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 18th day of October, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
TERENCE E. TIMBLIN, ESQ.