Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
**DUH WAN KIM**

**FILED**
DISTRICT COURT OF GUAM
OCT 25 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
| Plaintiff, | |
| vs. | **DEFENDANT DUH WAN KIM'S PROPOSED JURY** *VOIR DIRE* **QUESTIONS** |
| DUH WAN KIM, | |
| Defendant. | |

COMES NOW, Defendant **DUH WAN KIM** ("KIM") through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, and hereby submits the following questions for the Court to inquire of the jury panel. If the response is affirmative, please inquire into the specifics.

1. Does any juror on the panel have any personal knowledge of any of the charges set forth in the indictment?

2. Has any juror on the panel heard or read anything about this case?

3. Has anyone discussed this case with you in any way?

4. Does any juror know or has he or she had any dealings, either directly or indirectly, with DUH WAN KIM or with any member of his family?

5. The United States is represented in this case, as it is in all criminal cases brought into this District, by Assistant United States Attorney Karon V. Johnson. Does any juror know or has any juror or any member of her family or associates had any dealings, either directly or indirectly, with Ms. David?

6. One or more of the prospective witnesses in this case may be employed with the U.S. Government or the Government of Guam. Would you tend to give credence to such witnesses solely by reason of the fact of the employment and their office?

7. Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following individuals or companies whose names may be mentioned during the course of this trial:

    a. John Duenas

    b. Matthew Goward

    c. Michael Hernandez

    d. Erwin T. Fejeran

    e. Nadine Y. Concepcion

    f. Franklin Taitague

    g. Jeffrey Palacios

    h. John Evangelista

    i. Ahmad Rice

    j. Mia Mary Rojas

    k. Gerardo e. Gonzales, Jr.

   l. Annette Joyce Gonzalez

   m. Sean Michael Cole

   n. John Timothy Peralta

8. Are you married?

9. Do you have children? [What do they do?]

10. Are you employed? If so, where and for how long?

11. Have you ever been employed? If so, what was your occupation?

12. What is your husband's [wife's] profession, business or occupation?

13. If your husband [wife] is retired, what was his occupation before he/she retired?

14. How do you like to spend your free time?

15. Do you have any hobbies?

16. If you watch television, what are some of your favorite television programs?

17. If you enjoy reading, what are some of your favorite books, magazines?

18. Have you or any relative ever been employed by the United States Department of Justice, Drug Enforcement Agency or the United States Attorney's office?

19. Have you or any relative ever been employed by the United States Government in some other capacity?

20. Have you or any relative ever been employed by any other governmental agency, whether federal, state, city or local, either on a voluntary or paid basis?

21. If you know someone employed by a law enforcement agency, have you discussed with that person the work in which he was involved as a law enforcement officer?

       a. Have you discussed with him the activities of the government dealing with law enforcement?

       b. Would any of these discussions affect your ability to sit as a juror in this case and render a fair and impartial verdict?

22. Are you or is any member of your family affiliated, connected with or a member of any crime commission or organization engaged in similar work?

23. Have you ever at any time served as a member of a grand jury, whether in the federal, state, county or territorial courts?

24. Have you ever served as a juror in either the territorial, federal or other state courts?

25. If so, when and in what court did you serve and was it a civil or criminal case?

26. Did you have the benefit of hearing the Court instruct the jury on the law that applied to the case?

27. Did the jury reach a verdict?

28. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority or governmental agency?

29. Have you ever been a witness or a complainant in any prosecution, state or federal?

       a. If so, have you any opinion of the courts which would prevent you from being fair and impartial in this case?

       b. If so, have you any opinion of lawyers which would prevent you from being fair and impartial in this case?

4

        c.     If so, have you any opinion of judges which would prevent you from being fair and impartial in this case?

30. Have you or has any member of your family or close friend ever been charged with a crime or been the subject of any investigation or accusation by any grand jury, federal or state, or by an congressional committee? (If so, briefly state the circumstances of such investigation or accusation).

31. Are you acquainted with any person(s) who you believe to be using crystal methamphetamine/ice?

32. Has this person/acquaintance affected your own life in an emotional or financial way?

33. Do you know anyone who works with a Drug Task Force?

34. Do you believe that someone is guilty of a crime for merely witnessing a crime and being there?

35. Do you think if someone is present, while two people are talking about a crime, that person is involved in the crime?

36. Do you think a person knows a crime, and happens to be while the crime is being committed, that person is guilty of a crime? Why?

37. Does any juror have any problem with their hearing or sight which would impair their full attention to this trial?

38. Has any past experience or a juror, in any way whatsoever, caused a juror to doubt his ability to sit as a completely impartial and unbiased trier of the facts?

39. Does any juror know of any possible reason, either suggested by these questions or otherwise, why he could not serve impartially in this case and

fairly weigh the evidence and render a true and just verdict according to the evidence and according to the law as it will be explained?

40. Is the prospective juror's state of mind such that said juror (he or she) is opposed to or finds any fault with the following basic principles of our law?

   a. The indictment is merely a charge. It is proof of nothing and no unfavorable inference may be drawn against a person because he/she is charged with a crime by the U.S. Attorney whose office is prosecuting him or her.

   b. Anyone accused of a crime is presumed to be innocent, which presumption continues even while the jury deliberates and entitles a defendant to an acquittal unless the jury finds that his or her guilt has been established beyond a reasonable doubt.

   c. The burden is, at all times, upon the prosecution. The defendant has no burden of offering proof or of testifying in his or her own defense and, even if he or she does not, no unfavorable inference may be drawn against him or her.

   d. If any prospective juror's state of mind is such that he or she is opposed to any one or more of the preceding basic principles of law (Nos. (a) through (d), can such juror completely put aside and remove from his mind his own concept of law and accept the Court's instruction in its entirety unbiased and unaffected by the juror's previous concepts thereof.

43. In sum, is there any fact, circumstance, opinion, impression, attitude of mind, personal or other experience or identification with or membership in any group or organization which would prevent you, if accepted as a juror in the trial of this case, from listening to the evidence with an open mind and deciding the issues fairly and impartially, solely and only upon the evidence as heard from the lips of the witnesses and the Court's instructions as to the law?

Respectfully submitted this 25th day of October, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**DUH WAN KIM**

BY: _____
LOUIE J. YANZA