duhkimjury

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 2 6 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                  )<br>                  Plaintiff,         )<br>                                                  )<br>         vs.                                  )<br>                                                  )<br>DUH WAN KIM,                      )<br>                                                  )<br>                  Defendant.     )<br>_____) | CRIMINAL CASE NO. 06-00036<br><br>**UNITED STATES'**<br>**[PROPOSED]**<br>**JURY INSTRUCTIONS** |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. In addition, an unnumbered set, without authorities, is submitted on computer diskette, in the event the Court wishes to submit instructions to the jury.

RESPECTFULLY SUBMITTED this __26th__ day of October, 2006.

            LEONARDO M. RAPADAS
            United States Attorney
            Districts of Guam and NMI

        By: _/s/ Karon V. Johnson_____
            KARON V. JOHNSON
            Assistant U.S. Attorney

## INDEX

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof | 2 |
| 3 | Reasonable Doubt - Defined | 3 |
| 4 | What is Evidence | 4 |
| 5 | Attempted Distribution of Methamphetamine | 8 |
| 7 | Aiding and Abetting | 9 |
| 8 | Knowingly | 10 |
| 9 | Direct and Circumstantial Evidence | 11 |
| 10 | Credibility of Witnesses | 12 |
| 11 | What is Not Evidence | 14 |
| 12 | Duty to Deliberate | 15 |
| 13 | Consideration of Evidence | 16 |
| 14 | Jury Consideration of Punishment | 17 |
| 15 | Return of Verdict | 18 |
| 16 | Communication with the Court | 19 |

INSTRUCTION NO. __1__

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed. § 3.1

- 1 -

INSTRUCTION NO. 2

<u>CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION
OF INNOCENCE, BURDEN OF PROOF</u>

The indictment is not evidence. The defendants have pleaded not guilty to the charge. The defendants are presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

AUTHORITY: <u>Manual of Model Jury Instructions for the
Ninth Circuit</u>, 2003 Ed., § 3.2

- 2 -

INSTRUCTION NO. 3

REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense, and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants guilty.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.5

- 3 -

INSTRUCTION NO. 4

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.6

4

INSTRUCTION NO. 5

ATTEMPTED DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE

The defendant is charged in the indictment with Attempted Distribution of Methamphetamine Hydrochloride, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess methamphetamine hydrochloride with the intent to deliver it to another person;

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step;

Third, the approximate net weight in grams was the amount alleged in the indictment.

Mere preparation is not a substantial step toward the commission of the crime of attempted possession with intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction..

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 9.14

5

# INSTRUCTION NO. 6

## AIDING AND ABETTING

A defendant may be found guilty of attempting to possess methamphetamine hydrochloride (ice) with intent to distribute, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime of attempted possession of methamphetamine hydrochloride (ice) as charged in the indictment was committed by somebody;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime as charged in each count; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime as charged in each count;.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.6

INSTRUCTION NO. .7

KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 5.6

7

INSTRUCTION NO.  8

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer," or the expression "to draw an inference," means to find that a fact exists based on proof of another fact. For example, if you see water on the street outside your window, you can infer that it has rained. In other words, the fact of rain is an inference that could be drawn from the presence of water on the street. Other facts may, however, explain the presence of water without rain. Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.8, modified

8

# INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness' memory;
3. the witness' manner while testifying;
4. the witness' interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness' testimony;
6. the reasonableness of the witness' testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.9

9

INSTRUCTION NO. 10

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.7

10

# INSTRUCTION NO. 11

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.1

11

INSTRUCTION NO. 12

CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.2

12

INSTRUCTION NO. 13

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.4

13

INSTRUCTION NO. 14

RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.5

14

INSTRUCTION NO. 15

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.6

15

Case 1:06-cr-00036   Document 27   Filed 10/26/2006   Page 17 of 17