1  Louie J. Yanza
   **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
2  115 Hesler Place, Ground Floor
   Gov. Joseph Flores Building
3  Hagåtña, Guam 96910
   Telephone:   (671) 477-7059
4  Facsimile:   (671) 472-5487

5  **Attorneys for Defendant**
   **DUH WAN KIM**
6



**FILED**
DISTRICT COURT OF GUAM

OCT 2 7 2006

MARY L.M. MORAN
CLERK OF COURT

7              **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE DISTRICT OF GUAM**

9  **UNITED STATES OF AMERICA,**            **CRIMINAL CASE NO. 06-00036**

10
                   **Plaintiff,**
11                                          **DEFENDANT DUH WAN KIM'S**
                   **vs.**                  **AMENDED PROPOSED JURY**
12                                          **INSTRUCTIONS**
   **DUH WAN KIM,**
13

14                 **Defendant.**

15  _____ /

16         COMES NOW, Defendant DUH WAN KIM ("KIM") and hereby submits his

17  Proposed Jury Instructions for the Court's consideration.

18         Respectfully submitted this 27th day of October, 2006.

19                                          **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
                                            Attorneys for Defendant
20                                          **DUH WAN KIM**

21

22
                                       By: _____
23                                          LOUIE J. YANZA

24

25
                                       -1-

                                                    **ORIGINAL**

| NO. | INSTRUCTION | PAGE NO. |
|-----|-------------|----------|
| 1. | WHAT IS NOT EVIDENCE ................................................................3 |
| 2. | DIRECT AND CIRCUMSTANTIAL EVIDENCE ..............................4 |
| 3. | EVIDENCE FOR LIMITED PURPOSE...........................................5 |
| 4. | CREDIBILITY OF WITNESSES....................................................6 |
| 5. | OUTLINE OF TRIAL ...................................................................7 |
| 6. | BENCH CONFERENCES AND RECESSES ................................8 |
| 7. | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ............9 |
| 8. | CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF.........10 |
| 9. | REASONABLE DOUBT - DEFINED .............................................11 |
| 10. | WHAT IS EVIDENCE...................................................................12 |
| 11. | WHAT IS NOT EVIDENCE ..........................................................13 |
| 12. | DIRECT AND CIRCUMSTANTIAL EVIDENCE ...........................14 |
| 13. | CREDIBILITY OF WITNESSES....................................................15 |
| 14. | EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENT OF OTHERS ..........................................................17 |
| 15. | ACTIVITIES NOT CHARGED ......................................................18 |
| 16. | CONSIDERATION OF EVIDENCE..............................................19 |
| 17. | TESTIMONY OF ACCOMPLICE ..................................................20 |
| 18. | WITNESS WHO HAS PLEADED GUILTY ....................................21 |
| 19. | ENTRAPMENT ...........................................................................22 |
| 20. | ENTRAPMENT DEFENSE – WHETHER WITNESS ACTED AS GOVERNMENT AGENT .................................................................23 |
| 21. | MERE PRESENCE.....................................................................25 |

1

**INSTRUCTION NO. 1**

**WHAT IS NOT EVIDENCE**

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys.

2. Questions and objections of the attorneys.

3. Testimony that I instruct you to disregard.

4. Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Authority: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 1.03

## INSTRUCTION NO. 2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Sec. 1.05

1

**INSTRUCTION NO. 3**

2

**EVIDENCE FOR LIMITED PURPOSE**

3      Some evidence is admitted for a limited purpose only. When I instruct you that

4   an item of evidence has been admitted for a limited purpose you must consider it only

5   for that limited purpose and for no other.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Authority:      Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Sec. 1.04

**INSTRUCTION NO. 4**

**CREDIBILITY OF WITNESSES**

In deciding the facts of this case, you may have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness' ability to see or hear or know the things the witness testified to; (2) the quality of the witness' memory; (3) the witness' manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness was contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable was the witness's testimony when considered in light of other evidence which you believe.

Authority: Manual or Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Sec. 1.07

**INSTRUCTION NO. 5**

**OUTLINE OF TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case and in the event the defendant has not previously made his opening statement defendant may then make his opening statement and the defendant may present evidence and the government's counsel may cross-examine. After all the evidence has been presented, the attorney will make their closing arguments to summarize and interpret for you, and I will instruct you on the law. After that you will go to the jury room to deliberate on your verdict.

Authority:     Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Sec. 1.11

# INSTRUCTION NO. 6

## BENCH CONFERENCES AND RECESSES

From time to time during the trial it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Sec. 2.02

-8-

**INSTRUCTION NO. 7**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestions as to what verdict you should return--that is a matter entirely up to you.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.01

# INSTRUCTION NO. 8

## CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The defendant is presumed innocent and did not have to testify or present any evidence to prove he was innocent. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it failed to do so, you must return a not guilty verdict.

Authority:     Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.02

-10-

## INSTRUCTION NO. 9

## REASONABLE DOUBT - DEFINED

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority:    Manual of Model Criminal Jury Instructions for the Ninth Circuit, 1992 Ed.
Section 3.04

# INSTRUCTION NO. 10

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.04

-12-

## INSTRUCTION NO. 11

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you;

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember differ from the way the lawyer have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:     Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.05

## INSTRUCTION NO. 12

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section
              3.06

-14-

**INSTRUCTION NO. 13**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you must consider all evidence. In doing this, you must decide what testimony to believe and what testimony not to believe. You may disbelieve all or any part of any witness' testimony. In making that decision, you may take into account a number of factors, including the following:

1. How reasonable was the witness' testimony considering in light of all the evidence in the case?

2. Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

3. Was the witness able to see, or hear, or know the things about which that witness testified?

4. How well was the witness able to recall and describe those things?

5. What was the witness' manner while testifying?

6. Was the witness' testimony contradicted by what witness had said or done at another time, or by the testimony of other witnesses, or by other evidence.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a

-15-

smaller number of witnesses on one side has greater weight than that of a larger number on the other.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.07

**INSTRUCTION NO. 14**

**EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENT OF OTHERS**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts of the defendant, only as they relate to this charge against this defendant.

Authority:   Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.08

-17-

**INSTRUCTION NO. 15**

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 3.12

-18-

**INSTRUCTION NO. 16**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial. Such notes are only for personal use of the person who took them.

Authority:    Manual of Model Criminal Jury Instructions (9th Cir.) 1992 Ed. Section 7.02

**INSTRUCTION NO. 17**

**TESTIMONY OF ACCOMPLICE**

You have heard testimony from a person who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You should consider such testimony with greater caution than that of an ordinary witness.

Authority:   Manual of Model Criminal Jury Instructions  (9th Cir.) 1995 Ed. Section 4.11

-20-

# INSTRUCTION NO. 18

## WITNESS WHO HAS PLEADED GUILTY

The witness, _____, has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness' believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.

Authority:   Manual of Model Criminal Jury Instructions (9th Cir.) 1995 Ed. Section 4.12

**INSTRUCTION NO. 19**

**ENTRAPMENT**

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:

1.  the defendant was predisposed to commit the crime before being contacted by government agents, or

2.  the defendant was not induced by the government agents to commit the crime.

Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provided an opportunity to commit the crime.

Authority:     Ninth Circuit Manual of Model Jury Instructions (2003)

-22-

**INSTRUCTION NO. 20**

**ENTRAPMENT DEFENSE – WHETHER WITNESS ACTED AS GOVERNMENT AGENT**

The defendant claims he was entrapped by a government agent. Whether or not _____ and _____ [was] were acting as government agent[s] in connection with the crimes charged in this case, and if so, when those persons were acting as government agents, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, someone is a government agent when the government authorizes, directs, and supervises that person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether, and when, someone was acting as a government agent for purposes of this case, you must look to all of the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used. This is not an exhaustive list of the factors to be considered, but provides examples of the types of factors you should consider in deciding whether and when a person was acting as a government agent when engaging in

-23-

activities in connection with the crimes charged in this case.

Authority:     Ninth Circuit Manual of Model Jury Instructions (2003)

-24-

**INSTRUCTION NO. 21**

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of Conspiracy to Import Methamphetamine Hydrochloride, Conspiracy to Distribute Methamphetamine Hydrochloride, Aiding and Abetting the Attempted Possession of Methamphetamine Hydrochloride with Intent to Distribute, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Authority:    Ninth Circuit Manual of Model Jury Instructions (2003)

-25-