Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

**FILED**
DISTRICT COURT OF GUAM
OCT 3 1 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUH WAN KIM,<br><br>Defendants.<br>_____ / | CRIMINAL CASE NO. 06-00036<br><br>MOTION *IN LIMINE* RE: HEARSAY STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |

## MOTION *IN LIMINE*

COMES NOW Defendant DUH WAN KIM ("KIM"), by and through his court-appointed counsel, Louie J. Yanza, and hereby files his Motion *In Limine* prior to commencement of trial pursuant to Defendant KIM's Sixth Amendment right of confrontation, and requests a hearing hereon prior to the *voir dire* examination of the jury.

//

//

-1-

ORIGINAL

DEFENDANT DUH WAN KIM'S MOTION *IN LIMINE* RE: HEARSAY STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE
United States of America v. Duh Wan Kim
U.S. District Court of Guam, Criminal Case No. 06-00036

Respectfully submitted this 31st day of October, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _/s/ LOUIE J. YANZA_

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **OUT-OF-COURT STATEMENTS OF UNAVAILABLE WITNESSES**

Defendant respectfully requests that the Court order the government not to mention, refer to, or attempt to elicit in any manner, any statements made by witnesses who are now unavailable in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether such out-of-court statements are testimonial in nature.

2. Whether the admission of such statements would violate Defendant Defendant KIM's Sixth Amendment right of confrontation.

This motion is made pursuant to Defendant KIM's rights under Confrontation Clause of the Sixth Amendment of the U.S. Constitution, as recently clarified by the United States Supreme Court in <u>Crawford v. Washington</u>, 124 U.S. 1356 (2004). In the <u>Crawford</u> case, the defendant stabbed a man who allegedly tried to rape his wife. The defendant claimed he stabbed the man in self-defense during a confrontation

-2-

regarding the alleged rape. Both the defendant and his wife were detained as suspects after the stabbing, both were Mirandized, and each was separately interrogated by police. During the wife's interrogation, she made certain statements to the police purportedly discrediting the defendant's claim of self-defense.

At the defendant's trial on charges of assault and attempted murder, his wife was deemed unavailable to testify due to the state's marital privilege. Her earlier out-of-court statements, however, were not barred from admission by this marital privilege, and the state sought to introduce her statements to police through the hearsay exception for statements made against penal interest. The trial court applied Ohio v. Roberts, 448 U.S. 56 (1980) and ruled that the wife's statements may be admitted under the exception for statements bearing "particularized guarantees of trustworthiness." Crawford, *supra*, at 1355. The wife's statements were admitted against the defendant, despite his lack of opportunity to cross-examine her.

The Washington Court of Appeals reversed the conviction on the ruling that the statements did not bear particularized guarantees of trustworthiness, and then the Washington Supreme Court reinstated the conviction on the ruling that the statements did in fact bear particularized guarantees of trustworthiness. The U.S. Supreme Court then reviewed the issue of whether the procedure of allowing out-of-court testimony upon a subjective finding of reliability, without an opportunity of cross-examination, complied with the Sixth Amendment guarantee that the accused be confronted with the witnesses against him.

The U.S. Supreme Court held that statements that are testimonial in nature implicate the Confrontation Clause, and "testimonial" statements include statements

-3-

made to police in the course of custodial examinations. Id., at 1364. The Court further held that the Sixth Amendment incorporates only those exceptions to inadmissibility existing at common law during the time of its drafting: "[C]ommon law in 1791 conditioned admissibility of an absent witness's examination on unavailability and a prior opportunity to cross-examine." Id., at 1366. In so holding, the Court rejected any notion of a general reliability exception to this common law rule. In this respect, the Court abrogated Ohio v. Roberts, which essentially sought to replace this constitutional test with an amorphous general reliability test. The Court states that "[d]ispensing with confrontation is akin to dispensing with jury trial because the defendant is obviously guilty." Id., at 1371.

In the instant case, the defense reasonably believes that the Government will attempt to introduce hearsay statements of a testimonial nature that were obtained by the agents during their investigation of the case. This includes, but is not limited to, testimonial hearsay statements given to the agents by the Korean police officials, including chemical laboratory reports.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant KIM respectfully requests that the Court order the government not to mention, refer to, or elicit in any manner, including during the Government's opening statements, any statements made by any unavailable witnesses in the presence of the jury until a hearing has been held outside the presence of the jury to determine compliance with Defendant KIM's Sixth Amendment right to be confronted with witnesses against him, as set forth above.

| 1 | **WHEREFORE, PREMISES CONSIDERED**, Defendant KIM also respectfully |
|---|---|
| 2 | requests that the Court order the government to identify unavailable witnesses whose |
| 3 | statements they may seek to introduce at the jury trial. |
| 4 | Respectfully submitted this 31st day of October, 2006. |

        MAHER • YANZA • FLYNN • TIMBLIN, LLP
        Attorneys for Defendant
        **DUH WAN KIM**

By: _/s/ LOUIE J. YANZA_

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before October 31, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Motion In Limine Re: Hearsay Statements; Memorandum of Points and Authorities; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 31st day of October, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: 
LOUIE J. YANZA