Louie J. Yanza
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

FILED
DISTRICT COURT OF GUAM
NOV - 2 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
| Plaintiff, | |
| vs. | BRIEF REGARDING DEFENDANT'S STATEMENTS THROUGH INTERPRETER; CERTIFICATE OF SERVICE |
| DUH WAN KIM, | |
| Defendants. | |

## I. ISSUE

A. WHETHER DEFENDANT DUH WAN KIM'S STATEMENTS MADE VIA INTERPRETER SHOULD BE ADMITTED AT TRIAL.

Defendant DUH WAN KIM ("KIM") objects to Agent McDonald, or any other law enforcement official to testify concerning the Defendant's statements via Agent Kyong Sun Lim ("Agent Lim"), an interpreter. Apparently, on August 24, 2006, Defendant KIM, along with DEA agents and Guam Customs Officers were in a room in which the law enforcement officials were questioning Defendant KIM's alleged involvement in his attempt to possess 500 grams of alleged methamphetamine hydrochloride. Officer

-1-

ORIGINAL

McDonald, who has not completely testified, has an investigative note, which contains Defendant KIM's alleged responses to questions posed. The notes contain no questions posed by law enforcement officials. DEA Agent Lim has no field notes or investigative notes reflecting the interrogation of Defendant KIM.

## II. ARGUMENT

The Ninth Circuit does not *per se* admit a defendant's statements made through an interpreter. In <u>United States v. Nazemian</u>, 948 F.2d 522 (9th Cir. 1991), the Court adopted a narrow approach to be applied on a case-by-case basis, whether the translated statements should be considered the statements of the speaker. <u>Id.</u>, at 526-27. Under <u>Nazemian</u>, the factors to be considered in determining whether the interpreter is the declarant's agent includes: (1) which party supplied the interpreter; (2) whether the interpreter had any motive to mislead or distort; (3) the interpreter's qualifications and language skills; and, (4) whether actions taken after the conversation were consistent with the statements translated. <u>Id.</u>, at 527.

In <u>State v. Garcia-Trujillo</u>, 89 Wash. App. 203, 948 P.2d 390 (Wash. Ct. App. 1997), the Appellate Court followed <u>Nazemian</u>'s narrow case-by-case approach. There, as here, the interpreter was also a law enforcement officer. The officer was present as an interpreter during an interrogation of the defendant. The Government attempted to have the officer testify as to what he heard from the interpreter. The Court, following <u>Nazemian</u>'s approach, held that the interpreter's statements were inadmissible as hearsay. The Court found that the interpreter was present not because the defendant had called him, but was there because the border patrol brought him in to translate questions. Therefore, the interpreter was not the Defendant's agent.

In this case, there is no basis for finding that Agent Lim was an agent of Defendant KIM or that Agent Lim was authorized by Defendant KIM to speak for him. Agent Lim was present not only as a DEA interpreter, but also as part of the investigation team. Moreover, Agent Lim was as an interpreter not because Defendant KIM asked for assistance, but because: (1) DEA agents and Guam Customs Officers brought in Agent Lim to translate the questions the DEA agents and Guam Customs Officers wanted to ask Defendant KIM; and (2) to coordinate the couriers' conduct when Defendant KIM was supposed to allegedly pick up the luggage. See, Chao v. State, 478 So.2d 30, 32 (Fla. 1985) (where the declarant had brought the interpreter with him to assist him in turning himself in, the declarant authorized the interpreter to speak for him.). Importantly, Agent Lim was to interrogate the Defendant when he was arrested. That the government supplies an interpreter is not necessarily dispositive in every case. Nazemian, at 528. But here, the interpreter was himself an agent and employee of the DEA, in a position adversarial to Defendant KIM who is not a U.S. national and the target of an investigation. The issue here is not whether Agent Lim had a motive to lie or deliberately mistranslate. The issue is whether, under the circumstances, the facts support a finding that the interpreter was Defendant KIM's agent or authorized by him to speak on his behalf. Given Agent Lim's role as a DEA employee, investigator and interpreter, there is no basis to find that Agent Lim was authorized to speak on behalf of Defendant KIM.

Given the setting of the interrogation, i.e., a drug controlled transfer, the DEA agents' goals were to elicit as much information as they could of Defendant KIM's involvement and knowledge of the Korean organization and drug organizations here on Guam. Under the circumstances of this case, it would be clearly erroneous for the Court to treat the interpreter as a mere language conduit and Defendant KIM's agent.

## CONCLUSION

Wherefore, Defendant KIM respectfully requests the Court to prohibit law enforcement officials from testifying as to what they heard from Agent Lim concerning the interrogation of Defendant KIM, on the grounds that Agent Lim's statements to them are hearsay and, that the only person who can testify as to the Defendant's statements would be Agent Lim.

Respectfully submitted this 2nd day of November, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before November 2, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Brief Regarding Defendant's Statements Through Interpreter; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 2nd day of November, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA