Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

FILED
DISTRICT COURT OF GUAM
NOV -3 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUH WAN KIM,<br><br>Defendants. | CRIMINAL CASE NO. 06-00036<br><br>BRIEF REGARDING DEFENDANT'S SUPPLEMENTARY LIMITING INSTRUCTIONS ON PROFFERED AND OCCURRING REPORTS AND STATEMENTS; CERTIFICATE OF SERVICE |

### I.  FACTS

On October 31, 2006, Defendant DUH WAN KIM ("KIM") filed a Motion *In Limine* requesting that all the statements, laboratory reports, or information received from Korea be excluded and that testimony on such information be barred as hearsay in violation of Defendant KIM's Sixth Amendment right to confront. This Court denied the Defendant's Motion and permitted such evidence to come in as background evidence. However, the Court, acknowledging the jury's possible misinterpretation of the evidence, permitted limiting instructions to be given to the jury when a witness testifies as to information he received from Korea. Defendant KIM now submits his Brief in support of further

supplementary limiting instructions to be given to the jury prior to witnesses testifying about information received from Korea.

## II. ARGUMENT

Defendant KIM contends that the Court's present jury instructions is insufficient as it only explains to the jury that it is only used to explain the agent's conduct. In United States v. Rodriguez, 524 F.2d 485 (5th Cir. 1975), the government was permitted to introduce testimony from a DEA agent that he received information from a reliable informant that the defendant was in possession of marijuana. Upon the information, the agent found the defendant's vehicle, discovered the marijuana, and the defendant was subsequently arrested. During trial, the following limiting instruction was permitted by the Court: "Now ladies and gentlemen of the jury, I am going to allow him to tell us what the information told him, not for the truth of what the information said but just to show why he did what he did after he received that information and for that purpose only." Rodriguez, at 486.

Despite the limiting instruction, the defendant was subsequently convicted for two counts of importing and possessing with the intent to distribute 1,105 pounds of marijuana. On appeal, the Court held that such a limiting instruction was insufficient to purge the testimony of any taint of hearsay:

> Despite the court's cautionary instruction however, the nature of the testimony was such that even this pre-admission warning was probably insufficient to remove the statements from the realm of hearsay. No instruction, regardless of its specificity or timelines, could have precluded the jury from considering the informant's statements as some evidence that the defendant was in fact the owner of the seized marijuana. The most impartial and responsible juror could not have avoided drawing an inference that the informant's statements, as received by Agent Lawrence, had some probative value.

In <u>United States v. Captain</u>, 510 F.2d 606 (2nd Cir. 1974), rehearing denied (1974), the agent received information from his cooperating witness Lange that Lange's connection would be at his home with him. At trial, the Court permitted DEA agent Alleva to testify as to what Lange told him. The Court permitted Alleva to testify what he heard as background and why he was over there at Lange's residence. The following limiting instruction was permitted by the Court:

> I am allowing this testimony therefore to come in only so that, assuming you find it to be true, and that is entirely up to you, you will better understand what was in this witness' mind when he went to the home of Mr. Lange; is that clear, and what, if you believe him to be telling the truth, he expected to find there so that you can evaluate the activities of this defendant—of this witness and the others in the room. But you are not to assume and you may not use this evidence to find that there had been any prior conversations between Mr. Lange and the defendant. Is that clear? There is no evidence at all of that from anything that this witness now describes to you.
>
> We don't know what was in Mr. Lange's mind and he is not here to tell us. It is only being introduced so that you will understand what was in this witness' mind when he went into that room.

The above quoted limiting instruction essentially spells out to the jury in simple terms, and instructs the jury not to use this evidence "to find that there has been any prior conversations between Mr. Lange and the defendant."

The Defendant is also concerned that the present limiting instruction is insufficient to purge any taint of hearsay. Therefore, the Defendant respectfully requests the Court to supplement its limiting instructions with those previously provided by the Court. An example of the limiting instructions is attached hereto as Exhibit "A". The Defendant respectfully requests that his limiting instructions be read to the jury to instruct them that this evidence is not to be construed that in fact 500 grams of

-3-

| | |
|---|---|
| 1 | methamphetamine hydrochloride is in fact methamphetamine, and was found in the |
| 2 | luggage that was brought from Korea. |

Respectfully submitted this 3rd day of November, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

-4-

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before November 3, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Brief Regarding Defendant's Supplementary Limiting Instructions On Proffered And Occurring Reports And Statements; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 3rd day of November, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

## INSTRUCTION NO. 1

Statements or reports from Korean government officials and DEA agents to another DEA agent(s) or Guam Customs Officer(s) concerning events in Korea is not proof the Defendant knew or had knowledge the luggage from Korea contained 500 grams of methamphetamine hydrochloride.

**Exhibit A**

**INSTRUCTION NO. 2**

Statements or reports from Korean government officials and DEA agents to another DEA agent(s) or Guam Customs Officer(s) concerning events in Korea is not proof that in fact the luggage from Korea contained 500 grams of methamphetamine hydrochloride.