LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
NOV - 3 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUH WAN KIM, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 06-00036 <br><br> **UNITED STATES' BRIEF ON ISSUE OF INTERPRETERS** |

The defense claimed it had authority for the proposition that in an interrogation employing an interpreter, testimony concerning the defendant's responses could only be presented through the interpreter, that FRE 802 concerning hearsay prohibited the federal agent from testifying about the interview. His authority, United States v. Felix-Jerez, 667 F.2d 1297 (9th Cir. 1982), stands, if anything, for exactly the opposite proposition. There, a defendant was questioned through an interpreter by a Deputy U.S. Marshal concerning his escape from a minimum security prison. The deputy prepared the usual report concerning this interview. At trial, for some inexplicable reason, the prosecution introduced his report, though the deputy was on the stand and apparently perfectly capable of testifying to what the defendant had said. The defendant appealed his conviction, citing admission of the deputy's report as error. The court concurred and reversed the conviction: nothing in the Federal Rule of Evidence allowed the admission of police reports when the writer was available to testify. In discussing the issue, the court noted "Hardeman was on the witness stand and,

as far as the record shows, he could have testified about the facts contained in the statement." Id. at 1301. The court clearly contemplated that the deputy would be relating the substance of the interview, not the interpreter.

The court called the parties attention to United States v. Nazemian, 948 F.2d 522 (9th Cir. 1991). There, an undercover DEA agent had engaged the defendant in drug negotiations while in Paris, posing as a rich Frenchman who wanted to purchase heroin. The defendant, an Iranian who only spoke Farsi, communicated with the agent through an interpreter who had been provided by the confidential informant, who was working for the DEA. The interpreter was not called as a witness; thus, there was no testimony that he had truly and accurately translated between the parties. On appeal, defendant claimed that introducing their conversations through the agent, rather than the interpreter, violated her Sixth Amendment rights to confront the witnesses against her. Until that time, the only Ninth Circuit case on point was United States v. Ushakow, 474 F.2d 1244 (9th Cir. 1973), which allowed the interpreter to testify to the conversation between the defendant and a third party, on the reasoning that the translator was acting a "mere conduit." The court noted that other cases have considered the translator to be an agent of the defendant, thus obviating any Sixth Amendment issues. The Nazemian court declined to decide whether the interpreter was an agent or a conduit in this case. The defendant had not objected below, so the review was for plain error. Given that the interpreter had been used in several conversations, and that defendant could not specify occasions where the interpretation was inaccurate, the court affirmed her conviction. Note, in Nazemian, the government did not call the interpreter to testify she had been accurate, nor did it present any formalized evidence of her competence.

United States v. Garcia, 16 F.3d 341 (9th Cir. 1994), concerned whether the testimony of an undercover DEA agent should be allowed, when the agent was testifying to conversations he had with the defendants through an interpreter who was also a co-conspirator. Again, the interpreter was not called as a witness. The court applied the agency test formulated in Nazemian and concluded that the translations were reliable, that the co-conspirator was acting as a "language conduit" for the

- i -

defendants and thus "for testimonial purposes, the translations of [the co-conspirator] are considered to be the statements of [the defendants]." Id. at 344.

Neither of these cases control the question before the court. In both Nazemian and Garcia, the *interpreter did not testify at trial*. Both cases deal with the question of reliability when the interpreter is *not* available to certify his accuracy, or establish his qualifications. In this instance, Mr. Lim has been called as a witness. There are no Sixth Amendment confrontation issues when the interpreter himself is a witness at trial. Defendant is able to cross-examine him concerning all the factors which bear upon his reliability.

Nor is there a question of hearsay. When Mr. Lim testifies under oath that he truly and accurately translated, word for word, the questions and answers made during defendant's interrogation, he acts as a "language conduit." The defendant is free to attack the accuracy of his translation, but this is a question of fact for the jury, not a matter of law for the court. To illustrate, if one dissects Mr. Lim's testimony, this is what he is saying: "Agent McDonald asked me to ask the defendant if the sky is blue. I asked the defendant, is the sky blue? The defendant told me, the sky is blue. I then told Agent McDonald, the defendant says the sky is blue." Mr. Lim's testimony is not hearsay because there are no out-of-court statements offered for the truth of the matter, i.e., whether the sky is really blue. There is simply a flat narration by the interpreter as to factually what occurred during the interview.

This issue has been decided in United States v. Ushakow, 474 F.2d 1244 (9th Cir. 1973), where the witness, one Carlon, testified to a conversation between the defendant and another person named Chicas; Carlon acted as a translator. The court noted that he was merely a language conduit

//
//
//
//
//

- i -

"[H]is testimony is within the same exception to the hearsay rule as when a defendant and another are speaking the same language." Id. at 1245.

Respectfully submitted this 3rd day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney

- i -