DuhKim.jury

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
NOV - 6 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUH WAN KIM, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 06-00036 <br><br> **UNITED STATES' AMENDED [PROPOSED] JURY INSTRUCTION** |

In addition to the instructions previously requested, the government is proposing an amended instruction concerning Attempted Possession with Intent to Distribute, as attached hereto. The government is submitting this instruction based upon United States v. Quijada, 588 F.2d 1253 (9th Cir. 1979).

RESPECTFULLY SUBMITTED this __6th__ day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

# INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 5 | Attempted Distribution of Methamphetamine | 8 |

- i -

## INSTRUCTION NO. 5

### ATTEMPTED POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE

The defendant is charged in the indictment with Attempted Possession of Methamphetamine Hydrochloride, in violation of Section 846) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess methamphetamine hydrochloride with the intent to deliver it to another person;

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step;

Third, the approximate net weight in grams was the amount alleged in the indictment.

Mere preparation is not a substantial step toward the commission of the crime of attempted possession with intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction..

If you find, beyond a reasonable doubt, that defendant knowingly and intentionally attempted to possess methamphetamine hydrochloride with the intent to distribute it, it is no defense that the substance he in fact possessed was not methamphetamine hydrochloride.

On the other hand, if you do not find beyond a reasonable doubt that the defendant believed the substance involved to be methamphetamine hydrochloride even though you might find all of the other elements of the offense present beyond a reasonable doubt, then it would be your duty to acquit the defendant.

This is because he had to have the state of mind, and the evidence must establish beyond a reasonable doubt that he had the state of mind, to intend to possess methamphetamine hydrochloride with the intent to distribute it.

Authority. United States v. Quijada, 588 F.2d 1253, 1254 (9th Cir. 1979).