Kim.brief

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV - 6 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DUH WAN KIM, <br><br> Defendant. | CRIMINAL CASE NO. 06-00036 <br><br> **UNITED STATES' MEMORANDUM CONCERNING DEFENSE OF IMPOSSIBILITY** |

Defendant has indicated to the court that he will move for a Rule 29 Judgment of Acquittal on the grounds that the United States will not introduce any evidence concerning the true nature of the substance seized by the Korean National Police in Korea on August 23, 2006. Likewise, defendant has indicated that he intends to argue to the jury that the government has failed in its burden of proof unless it introduces evidence that the substance in Korea really was methamphetamine hydrochloride. As a matter of law, defendant is wrong. He cites no authority for this position; indeed, the authority is to the contrary

In effect, defendant is saying that to be guilty of an attempt to possess a controlled substance with intent to distribute, at some point in the course of the case there must have been a real controlled substance. He posits that one cannot be guilty of attempting to possess a controlled substance if it was impossible ever to possess it. The defense of impossibility, however, does not apply to inchoate crimes such as attempt and conspiracy.

The Ninth Circuit first addressed this issue in United States v. Quijada, 588 F.2d 1253

(9th Cir. 1979). There, the defendant negotiated a deal with an undercover officer to sell him cocaine. But in fact, defendant did not deliver cocaine, but sham in the form of lidocaine hydrochloride. He argued that his conviction for attempted distribution of cocaine should be reversed because the substance he sold was not in fact cocaine. The court noted there was a split in the circuits on this issue, and chose to follow the reasoning of the Second Circuit in United States v. Heng Awkak Roman, 356 F.Supp. 434 (S.D.N.Y.), Aff'd 484 F.2d 1271 (2nd Cir. 1973). Roman involved facts similar to those in this case. There, government agents removed heroin from a suitcase belonging to Roman and his confederates, and replaced it with soap powder. Thinking the suitcase still contained heroin, the defendants attempted to sell it. The Second Circuit noted this was a case of factual impossibility: it was impossible for the defendants to sell heroin, because they only possessed soap powder. But his undisputed objective was to distribute heroin. "[S]ince the defendants' objective here was criminal, impossibility is no defense." Id. at 438.

The Quijada court held that it was not necessary to resolve whether this was a question of legal or factual impossibility. "We can only say that generally a defendant should be treated in accordance with the facts as he supposed them to be. The fact that the pocket was empty should not insulate the pickpocket from prosecution for an attempt to steal." Id. at 1255.

This issue was addressed again in United States v. Steward, 16 F.3d 317 (9th Cir. 1994). Defendant had agreed to sell methamphetamine to an undercover officer, but when they met, he sold him ephedrine. He was charged and convicted of attempted distribution of methamphetamine. He appealed and the court affirmed his conviction.

This rule has been affirmed over the years for cases involving other offenses as well. See, e.e., United States v. Fleming, 215 F.3d 930 (9th Cir. 2000) (obstruction of justice); United States v. Luttrell, 889 F.2d 806 (9th Cir. 1989) (trafficking in counterfeit drafts).

Respectfully submitted this 6th day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney

2