Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
**DUH WAN KIM**

FILED
DISTRICT COURT OF GUAM
NOV - 6 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
| Plaintiff, | [PROPOSED] |
| vs. | DEFENDANT DUH WAN KIM'S SUPPLEMENTAL JURY INSTRUCTIONS |
| DUH WAN KIM, | |
| Defendant. | |

COMES NOW, Defendant DUH WAN KIM ("KIM") and hereby submits his Proposed Supplemental Jury Instructions for the Court's consideration.

Respectfully submitted this 6th day of November, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

| NO. | INSTRUCTION | PAGE NO. |
|---|---|---|
| 22. | TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE | 3 |
| 23. | TRANSCRIPT OF RECORDING IN ENGLISH | 4 |
| 24. | ACTIVITIES NOT CHARGED | 5 |
| 25. | EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS | 6 |
| 26. | ENTRAPMENT DEFENSE – WHETHER WITNESS ACTED AS GOVERNMENT AGENT | 7 |
| 27. | ENTRAPMENT | 8 |

# INSTRUCTION NO. 22

## TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to listen to a tape recording in Korean. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.

Although some of you may know the Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

Authority: Ninth Circuit Manual of Model Jury Instructions (2003)

Case 1:06-cr-00036   Document 57   Filed 11/06/2006   Page 3 of 8

## INSTRUCTION NO. 23

## TRANSCRIPT OF RECORDING IN ENGLISH

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

Authority: Ninth Circuit Manual of Model Jury Instructions (2003)

**INSTRUCTION NO. 24**

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

Authority: Ninth Circuit Manual of Model Jury Instructions (2003)

# INSTRUCTION NO. 25

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Authority:   Ninth Circuit Manual of Model Jury Instructions (2003)

## INSTRUCTION NO. 26

### ENTRAPMENT DEFENSE – WHETHER WITNESS ACTED AS GOVERNMENT AGENT

The defendant claims he was entrapped by a government agent. Whether or not the couple in the Holiday Inn were acting as government agents in connection with the crimes charged in this case, and if so, when these persons began acting as government agents, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, someone is a government agent when the government authorizes, directs, and supervises that person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether, and when, someone was acting as a government agent for purposes of this case, you must look to all of the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used. This is not an exhaustive list of the factors to be considered, but provides examples of the types of factors you should consider in deciding whether and when a person was acting as a government agent when engaging in activities in connection with the crimes charged in this case.

Authority: Ninth Circuit Manual of Model Jury Instructions (2003)

## INSTRUCTION NO. 27

## ENTRAPMENT

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:

1. the defendant was predisposed to commit the crime before being contacted by government agents, or

2. the defendant was not induced by the government agents to commit the crime.

Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

Authority:    Ninth Circuit Manual of Model Jury Instructions (2003)