# FILED

DISTRICT COURT OF GUAM

NOV .- 6 2006

**MARY L.M. MORAN
CLERK OF COURT**

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DUH WAN KIM,<br><br>　　　　　Defendant. | Criminal Case No. 06-00036 |

**CLOSING JURY INSTRUCTIONS**

Dated: November 6, 2006

_____
District Court Chief Judge
**Frances M. Tydingco-Gatewood**

# ORIGINAL

# COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

**COURT'S INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION
OF INNOCENCE, BURDEN OF PROOF**

This is a criminal case brought by the United States government. The Indictment charges the defendant, DUH WAN KIM, with the crime of attempted possession of methamphetamine hydrochloride with intent to distribute.

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 3
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

  (1)  the sworn testimony of any witness;

  (2)  the exhibits which have been received into evidence; and

  (3)  any facts to which all the lawyers have stipulated.

# COURT'S INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 6
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# COURT'S INSTRUCTION NO. 7

# LIMITING INSTRUCTION

The statements made by the "Korean investigators" to the DEA agent, whatever they are, is a matter for you decide, however, the statements should not be used by you as proof of the truth of those statements. They are merely to be used as something that the agent responded to by doing something else.

Additionally, the Court hereby provides the jury with an example of the difference between hearsay and non-hearsay use of a statement. For example: witness testifies that yesterday he spoke to Jim (who was in Vermont) on the phone and that Jim made the following statement, "It's raining in Vermont!" If the attorney is seeking to use this statement to prove that it was in fact raining in Vermont, then it is hearsay. But, if the attorney is seeking to use the statement to prove that the phone lines were working that day, or that Jim had not lost the power of speech, or for any other purpose than the statement is not hearsay because it is not being offered for, "the truth of the matter asserted."

# COURT'S INSTRUCTION NO. 8

## LIMITING INSTRUCTION

Statements or reports from Korea government officials and DEA agents to another DEA agent(s) or Guam Customs Officer(s) concerning events in Korea is not proof the Defendant knew or had knowledge the luggage while it was in Korea contained 500 grams of methamphetamine hydrochloride.

## COURT'S INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 10

## JURY TO BE GUIDED BY OFFICIAL
## ENGLISH TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translation. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

# COURT'S INSTRUCTION NO. 11
## TRANSCRIPT OF RECORDING IN ENGLISH

The parties have stipulated that the interpretations as contained in Exhibit 13 is correct as to the audible portions.

**COURT'S INSTRUCTION NO. 12**

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

## COURT'S INSTRUCTION NO. 13
## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 14

## MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of attempted possession of methamphetamine hydrochloride with intent to distribute, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

# COURT'S INSTRUCTION NO. 15
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**COURT'S INSTRUCTION NO. 16**

**CONTROLLED SUBSTANCE**
**ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE**

The defendant is charged in the Indictment with attempted possession with intent to distribute methamphetamine hydrochloride, in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess methamphetamine hydrochloride with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step; and

Third, the approximate net weight in grams was the amount alleged in the indictment.

Mere preparation is not a substantial step toward the commission of the crime of possession of methamphetamine hydrochloride with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find, beyond a reasonable doubt, that defendant knowingly and intentionally attempted to possess methamphetamine hydrochloride with the intent to distribute it, it is no defense that the substance he in fact possessed was not methamphetamine hydrochloride.

On the other hand, if you do not find beyond a reasonable doubt that the defendant believed the substance involved to be methamphetamine hydrochloride even though you might find all of the other elements of the offense present beyond a reasonable doubt, then it would be your duty to acquit the defendant.

This is because he had to have the state of mind, and the evidence must establish beyond a reasonable doubt that he had the state of mind, to intend to possess methamphetamine hydrochloride with the intent to distribute it.

# COURT'S INSTRUCTION NO. 17

## AIDING AND ABETTING

A defendant may be found guilty of a crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting any particular crime charged in the Indictment, the government must prove beyond a reasonable doubt:

*First*, that crime was committed by someone;

*Second*, defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime; and

*Third*, defendant acted before the crime was completed.

It is not enough that defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

# COURT'S INSTRUCTION NO. 18

## DATES

The charge that the crime occurred on approximately a certain date. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime occurred reasonably close to the date alleged in the Indictment.

# COURT'S INSTRUCTION NO. 19

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 20

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

**COURT'S INSTRUCTION NO. 21**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COURT'S INSTRUCTION NO. 22**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Should you find the defendant guilty of the crime of Attempted Possession Methamphetamine Hydrochloride with Intent to Distribute, you must unanimously agree as to the amount of methamphetamine hydrochloride the defendant intended to possess with the intent to distribute.

## COURT'S INSTRUCTION NO. 23
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 24

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.