ORIGINAL

duhkim.rsp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
DEC -4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DUH WAN KIM,<br><br>           Defendant. | CRIMINAL CASE NO. 06-00036<br><br>GOVERNMENT'S ADDITIONAL CITATION OF AUTHORITY RE RULE 29 MOTION |

On November 27, 2006, this Honorable Court entered an order requesting additional authority in opposition to defendant's Rule 29 motion. The government only cited one case because the standard of review is not in dispute. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.. Furthermore, the one case cited by the government was a Supreme Court case, Jackson v. Virginia, 443 U.S. 307, 319 (1979), which authority is generally dispositive.

Part of defendant's Rule 29 motion was, in effect, a renewal of his motion in limine, that it was improper for the jury to hear any evidence of the actions taken by Korean authorities prior to defendant's arrival on Guam, on the grounds that such evidence was prejudicial (defendant's brief at page 9). This evidence was ruled admissible by the court, and was followed in each instance by

clear instructions that it was not to be considered as evidence of proof of the elements of the charge against defendant. If defendant wishes to argue that the testimony was so prejudicial that the jury could not have followed the instructions and considered this testimony solely for the reasons ordered by the court, this is a matter for appeal. Indeed, the defendant acknowledges that his Rule 29 motion was confined to the sufficiency of the evidence (brief at page 5). It is improper to raise issues such as the admissibility of the evidence in a Rule 29 motion.

Defendant's brief at page 8 renews yet another issue which was disposed of at trial. In response to the defendant's remarks that he believed the government had to prove the nature and weight of the substance seized in Korea, the government submitted a memorandum concerning impossibility, that the issue in drug trials charging inchoate crimes such as attempt or conspiracy is what the defendant thought he possessed and the actual weight of the substance in his hand. United States v. Quijada, 588 F.2d 1253 (9th Cir. 1979); United States v. Steward, 16 F.3d 317 (9th Cir. 1994). The jury was instructed that the government had to prove that the weight of the substance which defendant was attempting to possess was the amount alleged in the indictment. This was proved through the testimony of Officer Sablan, when he said that he personally weighed out the 500 grams of rock salt which he placed in the suitcase. The government's recollection is that the defendant did not object to these instructions.

Concerning the standard of review, there are literally dozens of cases which follow Jackson. United States v. Shipsey, 363 F.3d 962 (9th Cir. 2004); United States v. Naghani, 361 F.3d 1255 (9th Cir. 20040; United States v. Odom, 329 F.3d 1032 (9th Cir. 2004); United States v. Weber, 320 F.3d 1047 (9th Cir. 2003); United States v. Rashkovski, 301 F.3d 1133 (9th Cir. 2002); United States v. Leveque, 283 F.3d 1098 (9th Cir. 2002); United States v. Hoskins, 282 F.3d 772 (9th Cir. 2002); and United States v. Antonakeas, 255 F.3d 714 (9th Cir. 2001), are only a few of the most recent decisions.

Defendant appears to argue that his Rule 29 motion should be granted because the facts of this case are susceptible to two interpretations. It is well settled that the jury, not the court, assesses

2

the credibility of the witnesses, and that the court "must presume ... that the trier of fact resolved any conflicting [inferences] in favor of the prosecution." United States v. Johnson, 229 F.3d 891, 894 (9th Cir. 2000), *citing* Wright v. West, 505 U.S. 277, 296-97 (1992). When faced with a record of historical facts that supports conflicting inferences, we 'must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. ... Moreover, we are mindful of the fact that 'the prosecution need not affirmatively 'rule out every hypothesis except that of guilt.'" Id.

"[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002), *citing* United States v. Rojas, 554 F.2d 938, 943 (9th Cir. 1977).

RESPECTFULLY SUBMITTED this 4th day of December, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney