Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

FILED
DISTRICT COURT OF GUAM
DEC 15 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUH WAN KIM,<br><br>Defendants. | CRIMINAL CASE NO. 06-00036<br><br>**DEFENDANT'S BRIEF REGARDING JURY MISCONDUCT; CERTIFICATE OF SERVICE** |

## I. INTRODUCTION

It is apparent from the Foreman's statement to Defendant's counsel that the jury had received extraneous information, which seriously affected the jury's verdict. The extraneous information consisted of the statements, reports, and photographs from Korea ("Korean information"). The receipt of the extraneous information makes it more profound about the sufficiency, or lack thereof, of the evidence at trial. Without such information, the jury could not have, at the least, determined the quantity of ice. Although the Korean information was admitted for the sole purpose of explaining the agents' conduct - and instructed by the Court as such - the jury ignored the limiting instructions

and used the evidence to determine the Defendant's guilt and the ice weight. This is apparent from the Defendant's conviction. As will be explained below, jury misconduct occurred as the jury received extraneous information to the Defendant's prejudice.

## II. ARGUMENT

### A. THE COURT MUST CONDUCT AN EVIDENTIARY HEARING ONCE THERE IS A COLORABLE SHOWING OF EXTRINSIC INFLUENCE.

The trial court has discretion to determine whether an evidentiary hearing is warranted. Wilson v. Vermont Castings, Inc., 170 F.3d 391 (3rd Cir. 1999). Unless the Court is able to determine, without a hearing, allegations of juror misconduct are not credible or the allegations, if true, would not warrant a new trial, an evidentiary hearing must be held once there has been a colorable showing of extraneous influence. United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir. 1991); see also, United States v. Keating, 147 F.3d 895, 898 (9th Cir. 1998) (recognizing its previous remand to the trial court for purposes of conducting an evidentiary hearing to determine whether the extraneous information prejudiced the verdict). If there is a reasonable possibility that the extraneous information could have affected the verdict, the defendant is entitled to a new trial. Keating, at 900-901.

In this case, Counsel's declaration reflected his discussion with the jury Foreperson, Mr. Reuel C. Drilon. Despite the jury being given limiting instructions to use the Korean information only to explain the agents' conduct, the jury improperly used the evidence to determine the Defendant's intent and quantity of the ice. This

information amounts to a colorable showing of extraneous information because those facts were not presented during trial.[1]

A rebuttable presumption of prejudice arises when a jury has received extraneous information. Keating, at 901. Accordingly, this Court should conduct a sealed evidentiary hearing to determine what evidence, and the content of the evidence the jury received in determining the Defendant's guilt and quantity of ice.

### B. THE COURT CONSIDERS THE ALLEGATIONS OF JURY MISCONDUCT UNDER THE STANDARDS OF FEDERAL RULES OF EVIDENCE RULE 606(b).

The Federal Rules of Evidence, Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify s to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

FRE, Rule 606(b).

Where affidavits are offered to impeach a verdict, the Court must examine the material to decide whether it falls within the admissible juror testimony provided by Rule

---

[1] See, Defendant's Rule 29 Brief and Reply Memorandum. Furthermore, the Government has not identified anywhere on the record where the jury was informed, either through the evidence or the instructions, that the Defendant had the knowledge the suitcase contained 500 grams of ice and the quantity was in fact 500 grams.

-3-

606(b). United States v. Meader, 118 F.3d 876, 880 (1st Cir. 1997); see also, Tanner v. United States, 483 U.S. 107 (1987).

Once the defendant has made a *prima facie* showing of prejudice, the government has the burden to prove that exposure to the evidence was harmless beyond a reasonable doubt. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir. 1988). Several factors are relevant to determining whether the alleged introduction of extraneous evidence constitutes reversible error:

(1) whether the extrinsic material was actually received, and if so, how;

(2) the length of time it was available to the jury;

(3) the extent to which the jury discussed and considered it;

(4) whether the material was introduced before a verdict was reached, and if so, at what point in the deliberations it was introduced; and

(5) any other matters which may bear on the issue of whether the introduction of extrinsic material [substantially and injuriously] affected the verdict.

Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir. 1986), *quoted in* Jeffries v. Blodgett, 5 F.3d 1180, 1190 (9th Cir. 1993) (noting that "none of these factors should be considered dispositive").

There are other factors the Court could consider. In Jeffries v. Wood, 114 F.3d 1484, 1490 (9th Cir. 1997), the Court discussed several other factors to consider, including:

(1) whether the prejudicial statement was ambiguously phrased;

(2) whether the extraneous information was otherwise admissible or merely cumulative of other evidence adduced at trial;

(3) whether a curative instruction was given or some other step taken to ameliorate the prejudice;

(4) the trial context; and

(5) whether the evidence was insufficiently prejudicial given the issues and evidence of the case.

Jeffries v. Wood, 114 F.3d 1484, 1490 (9th Cir. 1997).

In reviewing the extraneous information, if the Court determines there is a reasonable possibility the extraneous information affected the verdict, a defendant is entitled to a new trial. Keating, at 900-901. The analysis whether the extraneous information could have affected the verdict is objective. Id. The Court does not rely upon the juror's statements regarding the effect that knowledge of the information actually had on the verdict, but rather, the Court determines whether the extraneous information had a "influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619 n. 9 (1993). A juror can only testify regarding the "existence" of the extraneous information and the content of the information, but the juror is not competent to testify as to her mental process. Sassaounian v. Roe, 230 F.3d 1097, 1108-1109 (9th Cir.) rehearing denied (2000).

If there is a direct and rationale connection between the extraneous information and a prejudicial juror determination, and where the material considered by the jury relates to a material aspect of the case, reversible error has occurred. Marino v. Vasquez, 812 F.2d 499, 506 (9th Cir. 1987).

Here, the key issue in determining the Defendant's guilt or innocence is whether he had knowledge of the ice, and the quantity of the ice. The Defendant did not take the

-5-

stand, and no evidence was presented at trial regarding the weight of the ice. The Court instructed the jury:

> The statements made by the "Korean investigators" to the DEA agent, whatever they are, is a matter for you decide, however, the statements should not be used by you as proof of the truth of those statements. They are merely to be used as something that the agent responded to by doing something else.
>
> Additionally, the Court hereby provides the jury with an example of the difference between hearsay and non-hearsay use of a statement. For example: witness testifies that yesterday he spoke to Jim (who was in Vermont) on the phone and that Jim made the following statement, "It's raining in Vermont!" If the attorney is seeking to use this statement to prove that it was in fact raining in Vermont, then it is hearsay. But, if the attorney is seeking to use the statement to prove that the phone lines were working that day, or that Jim had not lost the power of speech, or for any other purpose than the statement is not hearsay because it is not being offered for, "the truth of the matter asserted."

Court's Instruction No. 7, Limiting Instruction.

> Statements or reports from Korea government officials and DEA agents to another DEA agent(s) or Guam Customers Officer(s) concerning events in Korea is not proof the Defendant knew or had knowledge the luggage while it was in Korea contained 500 grams of methamphetamine hydrochloride.

Court's Instruction No. 8, Limiting Instruction.

Despite these instructions, the jury considered extraneous evidence directed at the question of knowledge and quantity. What other evidence could the jury have used to determine the Defendant's guilt? Certainly the jury could have used the videotape or the Defendant's alleged confession, but the question still remains: what direct evidence was shown the Defendant had knowledge the suitcase contained 500 grams?

Moreover, all of the above factors support a finding that – if true – Defendant's allegations are sufficient to warrant a new trial. Defendant's counsel's declaration states that the Foreperson reported extraneous evidence was used by the jury. Clearly, the jury

-6-

was aware of the extraneous information through the testimonies of agents McDonald and Sablan regarding the information. Thus, the jury was well aware of the information since the trial first began. Importantly, the extraneous information involved the central disputed issues in the case. Resolution of the question of the Defendant's knowledge and the quantity was central to determining guilt or innocence. No evidence was presented at trial regarding the Defendant's involvement in any drug activities or the quantity of ice in the suitcase, other than the Defendant's unusual happenstance of appearing at the Holiday Inn to pickup a suitcase. As such, the juror's statement that the jury considered extraneous information is sufficient to raise questions of whether a new trial is warranted. United States v. Navarro-Garcia, 926 F.2d 818, 823 (9th Cir. 1991).

## CONCLUSION

There has been a colorable showing that extraneous information was used by the jury to determine the Defendant's guilt and the quantity of the ice. The Defendant respectfully requests a sealed evidentiary hearing to determine what evidence, and the content of the evidence, the jury used in reaching its verdict.

Respectfully submitted this 15th day of December, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before December 15, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Brief Regarding Jury Misconduct; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 15th day of December, 2006.

      MAHER • YANZA • FLYNN • TIMBLIN, LLP
      Attorneys for Defendant
      **DUH WAN KIM**

By: _____
      LOUIE J. YANZA