ORIGINAL

duhkimmemo2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
DEC 18 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DUH WAN KIM, <br><br> Defendant. | CRIMINAL CASE NO. 06-00036 <br><br> UNITED STATES RESPONSE TO QUESTION OF JURY DELIBERATIONS |

Defendant continues to insist that the government had to prove he intended beyond a reasonable doubt to pick up 500 grams of methamphetamine hydrochloride (ice). To the contrary, the government was only required to prove that he intended beyond a reasonable doubt to pick up ice, and that the suitcase in fact contained 500 grams of rock salt. Defendant may succeed on this issue, but he will have to persuade the Ninth Circuit to overrule United States v. Quijada, 588 F2d 1253 (9th Cir. 1979).

The court should disregard counsel's declaration concerning the remark of the jury foreman, even assuming that counsel accurately heard it and understood its import. Federal Rule of Evidence 606(b) prohibits a juror from testifying to what effects evidence had on his or other

-1-

jurors' minds or emotions, or their mental processes. The only evidence that may be received is "on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."

## THE LAW

The general rule is that the testimony of a juror may not be used to impeach a verdict. The internal workings concerning a panel's deliberations are virtually untouchable. Tanner v. United States, 483 U.S. 107 (1987) contains a comprehensive review of this question. There, the Court upheld the district court's decision not to hold additional post-verdict hearings, despite allegations that during the trial several jurors consumed alcohol over the lunch break, one juror ingested cocaine on five occasions, and another juror sold a quarter pound of marijuana!

"Extrinsic evidence" concerns events which happen outside of the trial, and refers to exhibits or other matters which were not received for purposes of jury deliberation. "Outside influence" is just that, influence that occurs outside the normal course of trial.

Some types of outside influence are obvious. Thus, in Mattox v. United States, 146 U.S. 140 (1892), the Court held that affidavits of jurors to the effect that after they began deliberations on a murder case, the bailiff told them "This is the third fellow he's killed," are clearly material and may be considered in whether to grant the defendant a new trial, or overturn his conviction. See also Dickson v. Sullivan, 849 F.2d 403 (9th Cir. 1988).

Contrast this with Hughes v. Borg, 898 F.2d 695 (9th Cir. 1990), which concerned affidavits for search warrants which were inadvertently sent to the jury. The court termed them "extraneous" because they "had not been admitted into evidence ... ." Id. at 699.

United States v. Rutherford, 371 F.3d 634 (9th Cir. 2004), is a good illustration of these terms. This was a tax prosecution where one of the defendants did not testify. Throughout the trial, a phalanx of IRS agents and employees sat behind the prosecution and appeared to "glare" at the jurors. After their convictions, the defense presented numerous affidavits from jurors who revealed first, that they had discussed Mrs. Rutherford's failure to testify, contrary to the court's

instruction, and second, they were afraid the IRS might retaliate against them if they voted to acquit. The court held that the jurors' discussion of Mrs. Rutherford's failure to testify was within the testimonial prohibition of Rule 606(b). It could not fit the "extraneous" exception because "the jurors learned of Mrs. Rutherford's failure to testify through their personal observations during trial, not through a prohibited route or improper *ex parte* contact." Id. at 640. The possible intimidation of the jurors, however, fit under the "outside influence" category as conduct which was improperly brought to bear upon the jury. *Accord* United States v. Rodriquez, 116 F.3d 1225 (8th Cir. 1997), holding that the jurors' consideration of defendant's failure to testify is not extraneous evidence because it "is not a fact which jurors learned through outside contact, communication or publicity. It did not enter the jury room through an external, prohibited route. It was part of the trial, and was part of the information each juror collected.." Id. at 1227.

It is not enough, however, simply to determine whether a matter considered by the jury is extraneous or an outside influence. Even if such evidence fits within one of these exceptions, the court must further consider what testimony can be allowed about such evidence. In United States v. Maree, 934 F.2d 196 (9th Cir. 1991), a juror revealed that prior to voting to convict Maree's co-defendant, Brooks, she had told two friends about the evidence, and received specific advice from them to convict. The court emphasized that the juror could not testify to the effect her friends' advice had on her mind or emotions, or her mental processes. "Rule 606(b) establishes a clear distinction between admissible testimony regarding extraneous outside influences and information, and inadmissible testimony regarding the subjective effects of such influences and information." Id. at 201. The juror said that her friends' opinions influenced her to change her vote from not guilty to guilty. "This portion of the declarations is inadmissible under Rule 606(b)." Id. In deciding the standard of review concerning what was left of her declaration, the court next considered whether it constituted extraneous information or an outside (ex parte) influence. It decided that her friends' contact was only an ex parte communication,

-3-

because they "added no *information* about the defendant or the case." Id. at 202. Accordingly, the court applied an actual prejudice standard, and concluded that Brooks had suffered actual prejudice as a result of this outside influence.

## ARGUMENT

The cases cited by defendant all concern the outside influence exception to Rule 606(b) and are not on point. In United States v. Keating, 147 F.3d 895 (9th Cir. 1998) the jury learned about defendant's prior conviction. United States v. Meader, 118 F.3d 876 (1st Cir. 1997) concerned a juror's bias against domestic abuse. Tanner, *supra*, dealt with the jury's use of alcohol and drugs. In Bayramoglu v. Estelle, 806 F.2d 880 (9th Cir. 1986), a juror independently researched the possible penalties defendant faced. In Jeffries v. Wood, 114 F.3d 1484 (9th Cir. 1997), a juror revealed his knowledge of the defendant's past criminal record. In Sassaounian v. Roe, 230 F.3d 1097 (9th Cir. 2000), the jury was made aware of a phone call to the Turkish Consulate to the effect that another person had committed the murder at issue. In Marino v. Vasquez, 812 F.2d 499 (9th Cir. 1987), one juror used a dictionary to look up the word "malice" while another experimented with her husband concerning whether a handgun could have been held a particular way. In United States v. Navarro-Garcia, 926 F.2d 818 (9th Cir. 1991), where defendant was charged with importing marijuana in the trunk of her car, one juror attempted to determine defendant's knowledge by putting heavy weights in the trunk of his own car.

Clearly, the photographs of the Korean operation are not an "outside influence." Nor can they be considered "extraneous" because they were admitted into evidence for the jury's consideration, with proper cautions. Hence, Rule 606(b) applies, and the statement of Mr. Drilon cannot be considered for any purpose. How the jury reached its decision, and what evidence they relied upon to do so, is a purely deliberative matter. Defendant requests a hearing to determine

//
//
//

-4-

"what evidence, and the content of the evidence, the jury used in reaching its verdict." This is the sort of inquiry which Rule 606(b) specifically prohibits.

Respectfully submitted this 18th day of December, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney