Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
**DUH WAN KIM**

FILED
DISTRICT COURT OF GUAM
DEC 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
| Plaintiff, | |
| vs. | DEFENDANT'S REPLY BRIEF REGARDING JURY MISCONDUCT; CERTIFICATE OF SERVICE |
| DUH WAN KIM, | |
| Defendant. | |

It is apparent from the Government's Brief the Government ignores the standard for the Court to hold evidentiary hearings on juror misconduct. "An evidentiary hearing must be granted unless the alleged misconduct would not have affected the verdict or the District Court can determine from the record before it that the allegations are without credibility." United States v. Navarrro-Garcia, 926 F.2d 818, 822 (9th Cir. 1991).

The reason the Government does not address this is because the Government is unable to satisfy its burden of proving the extraneous information was harmless beyond a reasonable doubt. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir. 1988).

It is undisputed the Korean information was introduced for the sole purpose of explaining the investigators' actions. But setting aside the Korean information, what other evidence did the Government introduce and in which the jury could determine the weight? The Government has not pointed to where such evidence at trial was introduced. That is because it does not exist. So the <u>only</u> logical explanation for the jury to determine weight was through its improper use of the Korean information.

The Government contends the Korean information is not extraneous information because it was introduced at trial. But the Government misses the point - the Korean information was not introduced as evidence of the Defendant's knowledge or the quantity. Limiting Instructions, 7 and 8. Clearly, the Government has not satisfied its burden of proving the extraneous information was not harmless beyond a reasonable doubt.

Because the Government has not satisfied its burden of proving that the extraneous information was harmless beyond a reasonable doubt, the Defendant respectfully requests to hold a sealed evidentiary hearing on what extraneous information the jurors used or received; or in the alternative, for a new trial.

Respectfully submitted this 22nd day of December, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before December 22, 2006, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant's Reply Brief Regarding Jury Misconduct; Certificate of Service**, to the following party at her place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

Respectfully submitted this 22nd day of December, 2006.

    MAHER • YANZA • FLYNN • TIMBLIN, LLP
    Attorneys for Defendant
    **DUH WAN KIM**

    By: _____
        LOUIE J. YANZA