Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Gov. Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
DUH WAN KIM

FILED
DISTRICT COURT OF GUAM
JAN 1 8 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00036 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT; CERTIFICATE OF SERVICE** |
| DUH WAN KIM, | |
| Defendant. | |

## I. INTRODUCTION

The U.S. Probation Office did not provide for a decrease in the base offense level for the Defendant's minimal participation in the criminal activity. Based on the Defendant's role, the Defendant's base level should be decreased by four levels, because of his minimal participation in the criminal activity. There was no evidence before the Court that the Defendant was the drug leader or was an organizer of the crime.

//

## II. PARAGRAPH 34, BASE OFFENSE LEVEL

The U.S. Probation Office determined the base offense level at 36 based on Section 2D1.1(c)(2). The appropriate base offense level of the Defendant should be 33. Under Section 2D1.1(a)(3), the Defendant is entitled to an "adjustment under Section 3(B)1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is . . . (ii) . . . level 36, decreased by 3 levels;".

### A. Legal Standard for Minimal Participant.

Section 3B1.2 of the United States Sentencing Guidelines (U.S.S.G.) states that a defendant who is a minimal participant in the relevant criminal activity should receive a four (4) level downward adjustment while those who are deemed minor participants are to receive a two (2) level downward adjustment. Minimal participants are defined in the application notes as those who are plainly among the least culpable of those involved in the conduct of a group. The defendant's lack of knowledge or understanding of the scope and structure of the enterprise is indicative of the role of a minimal participant. U.S.S.G. §3B1.2 Commentary n.4. Minor participants are those less culpable than most other participants, but whose role could not be described as minimal. These adjustments pertain to defendants who play a part in committing the offense that makes them substantially less culpable than the average participant. It is important to note also that an intermediate adjustment of three (3) is also available for those situations that fall between the minimal and minor participation adjustments.

Courts are allowed to consider all relevant conduct in determining the applicability of these adjustments. United States v. Webster, 966 F.2d 209, 212 (9th Cir. 1993). The inquiry is fact based and dependent on the defendant's role and culpability in the larger context of the offense. Id., at 212. The determination is "heavily dependent on

the facts of the particular case." U.S.S.G. §3B1.2 Commentary n.3(C). A district court's decision regarding the applicability of §3B1.2 is subject to the clearly erroneous standard. United States c. Christman, 894 F.2d 339, 341 (9th Cir. 1990). The defendant has the burden of proving that he is entitled to a §3B1.2 downward adjustment by a preponderance of the evidence. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir. 1990)

The Ninth Circuit articulated the legal standard for a mitigating role adjustment in United States v. Rojas-Milan, 234 F.3d 464 (9th Cir. 2000). In Rojas-Milan, the Ninth Circuit reviewed the law of mitigating role in light of the defendant's argument that his carrying of four () kilograms of methamphetamine for others should have resulted in a mitigating role adjustment. The Ninth Circuit found in Rojas-Milan, that the district court erred in taking too limited a view of the factual context in determining the mitigating role of a defendant convicted of smuggling four (4) kilos of methamphetamine. The Rojas-Milan court held, "the District Court should have evaluated his role relative to all participants in the criminal scheme for which he was charged." Id., at 472. The Court elaborated:

> [P]rosecutors need not identify, arrest or try together all "participants" in a scheme (and thus transform them into "defendants") in order for the District Court to consider their conduct when evaluating a particular defendant's relative role. To the contrary, we rezd §3B1.2 as instructing courts to look beyond the individuals brought before it to overall criminal scheme when determining whether a particular defendant is a minor participant in the criminal scheme.

Id., at 473. The Ninth Circuit found that the district court's failure to consider other likely actors such as a supplier and distributor required remand. Id., at 473-74.

//

**B. Argument.**

Defendant KIM qualifies for a minimal participant adjustment due to his minimal role and his lack of knowledge or understanding of the scope and structure of his complex, international drug smuggling and distribution enterprise. For Defendant KIM to be declared a minimal participant, his conduct should not be compared to a hypothetical "average" participant, but to the conduct of the co-participants in the case at hand. United States v. Petti, 973 F.2d 1441, 1447 (9th Cir. 1992). In Petti, the court upheld a four (4) level downward adjustment for minimal participation as Petti was found to be far less culpable than his co-participants. Petti was not involved in the actual "smurfing" of money into the banks or privy to all the mechanics of the underlying laundering operation, and his role was one of a subordinate. Similarly, KIM's lack of knowledge or understanding of the scope and structure of this enterprise and of the activities of others in Korea and Guam is indicative of his role as a minimal participant.

Two other Ninth Circuit cases are also instructive. In United States v. Sherpa, 97 F.3d 1239 (9th Cir. 1996), the defendant was granted a four (4) level downward adjustment for minimal role even though he was the courier for 3 kilograms of heroin from Thailand, worth approximately 3.6 million dollars. In United States v. Shrestha, 86 F.3d 935 (9th Cir. 1996), the defendant was also given a four (4) level minimal role deduction for conduct virtually identical to Sherpa. Thus, courts have found couriers carrying over twice as much drugs as KIM's 500 grams of methamphetamine to be deserving of the minimal participant adjustment.

Defendant KIM's lack of knowledge or understanding of the scope or structure of this drug smuggling and distribution enterprise proves he was a minimal participant. Defendant KIM's only involvement in this alleged very large international

-4-

drug smuggling and distribution ring was to pickup the drugs from the Holiday Inn and deliver to Park when he arrived two days later. Defendant KIM was not involved in the planning, purchasing, packaging, distribution or sales of the drugs. He had no knowledge or control over the amount of the drugs smuggled to Guam. He had no inkling of where the drugs were manufactured or purchased. Such facts were not proven at trial. He had no idea how much the people on Guam were paying for the drugs. He did not know how the money was going to be sent or transmitted back to Korea. He had absolutely no involvement in the sale or distribution of the drugs on Guam. When he arrived on Guam, he was only to simply check into his hotel and pickup the drugs from the couriers. Defendant KIM had little to no knowledge of the Korea side of the operation and no knowledge at all of the Guam side. He was a mere courier, a "blind mule", given the very limited assignment of transporting the drugs. Even in this limited capacity, Defendant KIM was always closely watched and supervised.

It is also significant that Defendant KIM was never entrusted with any monetary responsibilities, such as delivering drugs to a third party and receiving payment and transmitting that payment back to "Park" and his confederates in Korea.

A review of the pertinent Ninth Circuit case law shows that even a defendant who is a courier may still be denied a minimal or minor participant adjustment. See United States v. Zweber, 913 F.2d 705 (9th Cir. 1990) (§3B1.2 downward adjustment denied because defendant knew he was transporting cocaine and received money in return, demonstrating that he was entrusted with responsibility); United States v. Davis, 15 F.3d 902 (9th Cir. 1994) (Defendant not entitled to §3B1.2 downward adjustment as he knew he was carrying drugs and prepared to accept a $6,400 payment upon delivery); United States v. Flores-Payton, 942 F.2d 556 (9th Cir. 1991) (§3B1.2 downward

-5-

adjustment denied when defendant was a courier, attended drug negotiations and commented on the quality of drugs). Thus, downward departures have been denied to couriers where there was some additional favor showing they were not a minimal or minor participant. This is not the case here. Defendant KIM was merely a "blind mule", assigned to pickup the drugs at the Holiday Inn. He had no monetary responsibilities and all the while was being closely followed and monitored by the organization.

It is also noteworthy that Defendant KIM was an impressionable 30-year-old man with no prior criminal record at the time of the offense.

Defendant KIM exercised no authority in this international drug smuggling and distribution syndicate and also had no control over the amount of the drugs. He is exactly the defendant that the recent amendment to the Sentencing Guidelines, limiting a first-time offender's level to 30 if there is a mitigating role adjustment, was promulgated for. The words of the Honorable James M. Rosenbaum, Chief Judge, D. Minn., in his May 14, 2002 testimony before Congress supporting the amendment, ring true in this case:

> There is certainly a quantity of evil afoot in the land, but there are still common people who make very stupid decisions. The present sentencing system sentences minor and minimal participants who do a days work, in an admittedly evil enterprise, the same way it sentences the planner and enterprise-operator who set the evil plan in motion and who figures to take its profits.

Therefore, considering his extremely limited role in the offense, and his lower culpability relative to the Korea suppliers and Guam distributors, this Court should find that Defendant KIM was a minimal participant and adjust his total offense level downward by four (4) levels.

//

## III. PARAGRAPH 25, SPECIFIC OFFENSE CHARACTERISTICS

The U.S. Probation Office determined that pursuant to §2D1.1(b)(4), a 2-level increase is applied because the Defendant knew the ice was imported, and the Defendant was not subject to an adjustment under §3B1.2 (Mitigating Role).

The Defendant is entitled, and the U.S. Probation Office erroneously determined, that the Defendant is not entitled to an adjustment under §3B1.2 (Mitigating Role). The Defendant is a minimal participant in the drug ring, as there is no evidence the Defendant was part of the drug ring or the organizer of the drug ring; or knew the drugs were imported. He was only really a facilitator or courier to pick up drugs and suitcase, and deliver the suitcase to another person. Therefore, because the Defendant had a mitigating role, the 2-level increase is erroneous.

## CONCLUSION

Since the Defendant was a minimal participant, the base offense level of this case is 33, and he is entitled to a 2-level decrease and, therefore, the Defendant's base offense level is 31. Defendant KIM respectfully requests the Court to sentence the Defendant to the low end of the statutory term of imprisonment.

Respectfully submitted this 18th day of January, 2007.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _____
LOUIE J. YANZA

-7-

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before January 18, 2007, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant's Objections to Presentence Investigation Report; Certificate of Service**, to the following parties at their place of business:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Counsel for the **UNITED STATES OF AMERICA**

and

Frank Michael Cruz, Chief U.S. Probation Officer
Carleen G. Borja, U.S. Probation Officer
**U.S. PROBATION OFFICE**
2nd Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatña, Guam 96910

Respectfully submitted this 18th day of January, 2007.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**DUH WAN KIM**

By: _/s/ LOUIE J. YANZA_